UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HAROLD TINSLEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-2134-EFB<br><br><br>MEMORANDUM AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for: (1) a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"); and (2) Supplemental Security Income Title XVI of the Act. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 18. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

I.  BACKGROUND

Plaintiff filed his applications on November 12, 2013. Administrative Record ("AR") at 185-194. They were denied initially and upon reconsideration. *Id.* at 103-112, 119-125. On May 23, 2016, a hearing was held before administrative law judge ("ALJ") Daniel Myers. *Id.* at 31-52.

/////

/////

1

On August 4, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 13-25. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since June 30, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: emphysema, status-post cerebrovascular accident, diabetes, mellitus, congestive heart failure, and hypertension (20 CFR 404.1520(c) and 416.920(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he requires no fumes, odors, or gases, and he must avoid hazards, such as unprotected heights or moving machinery.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born [in] 1960 and was 47 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 15-25.

Plaintiff's request for Appeals Council review was denied on September 25, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff raises five arguments. First, he argues that the ALJ erred in rejecting the opinion of Kate Soltero,[2] a Licensed Clinical Social Worker ("LCSW"), who opined that plaintiff had major depression that limited his ability to concentrate, interact with the public, coworkers, and supervisors, and adapt to workplace changes. Second, plaintiff argues that the ALJ erred in failing to set forth clear and convincing reasons for discrediting his subjective complaints of chronic fatigue and difficulty walking. Third, plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence and does not include all of plaintiff's limitations. Fourth,

---

[2] In his brief, plaintiff refers to this individual as "Ms. Soltaro." *See*, *e.g.* ECF No. 13-1 at 16. The medical records indicate that the proper spelling is "Soltero," however, and the court will adopt it going forward.

4

plaintiff argues that the vocational expert's ("VE") testimony does not constitute substantial evidence to support the ALJ's finding that he could perform the jobs which the VE identified. Fifth, plaintiff argues that he has cause to submit new and material medical evidence which "could reasonably change the outcome of the case."

For the reasons stated hereafter, the court finds none of plaintiff's arguments persuasive and will enter judgment in favor of the Commissioner.

A. Opinion of Kate Soltero, LCSW

Ms. Soltero submitted an opinion indicating that plaintiff's depression substantially hampered his ability to concentrate, work without supervision, interact with the public, coworkers, and supervisors, and adapt to changes in the workplace. AR at 514-515. The ALJ gave little weight to Soltero's opinion. *Id.* at 16. The ALJ noted that Soltero was not an acceptable medical source under the regulations and that her opinions were "inconsistent with claimant's lack of mental health treatment and complaints, as well as his positive response to medication once he sought treatment." *Id.* Plaintiff argues that this was error because: (1) Soltero's opinion was consistent with treatment records from CommuniCare Health Centers dating from January 2014 to February 2016; and (2) her opinion was uncontradicted by other psychiatric evidence in the record.

A LCSW is an "other source" under the regulations and, as such, the ALJ was required to offer "germane" reasons for rejecting her opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) ("[A] social worker . . . is not considered an 'acceptable medical source' under the regulations. . . . [T]he ALJ may expressly disregard lay testimony if the ALJ 'gives reasons germane to each witness for doing so.'") (internal citations omitted). The ALJ's reasons for rejecting Soltero's opinion - inconsistency with plaintiff's lack of health treatment and positive response to medication – find support in the record and, thus, meet the "germane" standard. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that inconsistency with medical evidence is a germane reason for discrediting the testimony of lay witnesses).

/////

Plaintiff did not report depressive symptoms until April 2015 – seven years after the alleged onset of disability on June 2008. AR at 555. After being prescribed an antidepressant and during a follow-up visit approximately one mother later, plaintiff denied feeling "down, depressed, [or] sad." *Id.* at 548. A month later, in June of 2015, his depression was characterized as "mild" by the provider. *Id.* at 546. And plaintiff's contention that Soltero's opinion is consistent with treatment records from CommuniCare Health Centers is not well taken. Rather than citing specific record pages to support his arguments, plaintiff gestures at approximately fifty pages of medical records (AR at 534 -582) for the proposition that he did not lack for "mental health treatment and complaints." ECF No. 13-1 at 17. But those same records, as noted *supra*, indicated that plaintiff's depressive symptoms were ameliorated by prescribed anti-depressants and reduced to "mild." Thus, the very records plaintiff cites contradict the severity of Soltero's assessment.

B. <u>Evaluation of Subjective Complaints and Failure to Develop the Record</u>

Plaintiff argues that the ALJ ignored his subjective complaints of fatigue and walking difficulty. In relation to the complaints of fatigue, plaintiff argues that the ALJ should have considered his kidney disease insofar as "it [could] account for his chronic fatigue." ECF No. 13-1 at 19. With respect to his complaints of walking difficulty, plaintiff alleges that the ALJ should have considered his "severe 75 percent stenosis in the left common iliac artery" and "[m]onofilament abnormal reduced filament sensation focally 1/5 bilaterally in his feet which supports a diagnosis that he has peripheral neuropathy secondary to diabetes mellitus." *Id.* at 20. Finally, plaintiff claims that, in light of the foregoing conditions which the ALJ did not consider, "the ALJ should be found to have erred by failing to fully and fairly develop the record by not obtaining clarification from his treating physician or obtaining testimony from a medical advisor . . . ." *Id.* The court finds these arguments unavailing because the ALJ provided specific and convincing reasons for discounting plaintiff's subjective complaints. *See Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

First, the ALJ reasonably relied upon contradictions between plaintiff's subjective complaints and his activities of daily living. He noted that plaintiff complained of fatigue and

difficulty standing and walking. AR at 21. However, in an examination with consultative examiner Dr. Richard Chun, plaintiff stated that he was able to drive by himself, attended all personal needs independently, and did "limited walking and light exercise and push-ups." *Id.* at 472. This admission to an exercise regimen – modest though it may be - is inconsistent with plaintiff's testimony that he was unable to walk even one block without feeling short of breath (*id*. at 41). *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that, in discounting claimant's subjective pain testimony, ALJ reasonably relied upon incongruity between claim of "totally disabling pain" and claimant's ability to conduct a spate of everyday activities, including cooking, housekeeping, and running errands).

     Second, the ALJ found that plaintiff had made inconsistent statements on matters relevant to his disability – a finding that is supported by the record. Inconsistent statements are specific and convincing reasons for discounting a claimant's subjective complaints. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony."); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010). At the May 2016 administrative hearing, plaintiff testified that he had probably last driven three years ago (AR at 44), but in 2014 he told Dr. Chun that he was still driving. *Id.* at 472. More concerning, however, is an incongruity regarding the date plaintiff last used methamphetamines. At the hearing plaintiff stated that he had last used methamphetamines in either 2008 or 2009 (*id.* at 37), an implicit contention that his abuse of such drugs was well in the past (the hearing was held in 2016). However, a hospital discharge diagnosis in 2013 indicated that plaintiff was abusing methamphetamines at that time. *Id.* at 309-310. This obvious discrepancy is sufficient to support discounting plaintiff's credibility as it related to subjective complaints.

/////

/////

/////

/////

The Commissioner also persuasively points out that the medical evidence contradicts plaintiff's subjective complaints.[3] The court does not affirm on this basis, however, insofar as the ALJ did not rely on these record citations in his rejection of plaintiff's complaints.

Finally, the court rejects plaintiff's contention that the ALJ was obligated to expand the record by obtaining clarification from his providers concerning his kidney disease and other issues identified *supra*. As the Commissioner points out, plaintiff has failed to assert what, if any, additional limitations the ALJ should have assessed on the basis of these unconsidered conditions. The court interprets – and the obtuse wording and organizational placement[4] of the argument does it no favors - plaintiff to be alleging that, had the ALJ been aware of these conditions, he might not have discounted plaintiff's claims of fatigue and difficulty walking. But plaintiff has not offered any evidence linking the unconsidered conditions with the relevant subjective complaints. No physician has opined that these conditions render plaintiff disabled or contribute to his fatigue or difficulty walking in the way he alleges. *See Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). And the Commissioner correctly notes that the diagnosis of a condition does not, absent some indication from a qualified medical source, equal a disabling condition. *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("None of the appellant's treating or examining physicians ever indicated that the appellant was disabled. Although the appellant clearly does

---

[3] In a visit to his provider in March of 2011, plaintiff reported that he didn't have any difficulty breathing or coughing and would only run out of breath if he walked "far distances." AR at 406. In July and October of 2013, plaintiff told his provider that he "[felt] good overall" and she noted, under "General Review of Systems" that he had "no complaints." *Id.* at 347, 351. In a December of 2013 and in a "Review of Systems" with his provider, plaintiff denied having fatigue and had no complaints about walking. *Id.* at 387. In January of 2014, he also denied having fatigue, his musculoskeletal system was deemed normal, and no complaints about difficulty walking were recorded. *Id.* at 447. And in an April 2014 examination by consultative examiner Dr. Richard Chun, it was noted that plaintiff walked without an assistive device and at a good pace. *Id.* at 472-473. Dr. Chun also noted that plaintiff was able "to do push-ups in the office as requested at least five times easily." *Id.* at 474.

[4] The argument does not receive its own subheading and is, instead, laid alongside the broader contentions about plaintiff's subjective complaints.

suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'").

### C. Substantial Evidence Supports the RFC

Plaintiff contends that, since the ALJ "did not specifically discredit his allegations of having chronic fatigue and need to rest" it was error not to consider those complaints within the context of "the combination of his chronic kidney impairment and cardiovascular impairments, which allegedly prevent him from performing work activity on a sustained or 'regular and continuing basis . . . .'" ECF No. 13-1 at 22. The court rejects this argument.

In his RFC, the ALJ noted that "[t]he claimant reports that he often has to stop chores and tasks due to fatigue and exhaustion." AR at 19. Subsequently, the ALJ discounted plaintiff's complaints regarding "fatigue and exhaustion" due to: (1) incongruity with plaintiff's activities of daily living; (2) plaintiff's lack of treatment in 2009 and 2010; (3) plaintiff's improvement with medication; and (4) plaintiff's inconsistent statements. *Id.* at 21-22. This court, as noted *supra*, affirms the ALJ's discounting of plaintiff's subjective complaints on the first and fourth bases.

In crafting his RFC, the ALJ also relied on the opinions of non-examining state agency physicians Jone and Wavak, both of whom concluded that plaintiff was capable of medium work, provided that he avoided pulmonary irritants and hazards. AR at 22, 58-59, 84-85. The ALJ accounted for pulmonary irritants and hazards in his RFC. AR at 18-19. It is well settled that "the opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Plaintiff's primary contention appears to be that the ALJ did not discuss fatigue or exhaustion within the specific context of kidney and cardiovascular impairments. But, in formulating an RFC, an ALJ is not required to discuss every piece of evidence in the medical record. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). And, critically, plaintiff has not pointed to any evidence indicating that a physician actually found that these kidney and cardiovascular conditions rendered him disabled for the purposes of the Act.

/////

Based on the foregoing, the court finds that the ALJ's RFC was supported by substantial evidence.

D. Vocational Expert Testimony

Plaintiff argues that the ALJ erred by failing to include limitations for standing and walking in his questions to the VE. This argument, however, is specifically predicated on the assumption "that substantial evidence does not support the ALJ's finding that [plaintiff] has the residual functional capacity to do prolonged standing and walking that is required to perform light and medium exertion work . . . ." ECF No. 13-1 at 24. As noted above, the court has already found that substantial evidence does support the ALJ's RFC. Thus, this claim must be rejected.

Plaintiff also offers a secondary argument that is poorly written and difficult to comprehend. In a single, lengthy run-on sentence he argues:

> Plaintiff also contends that the ALJ should be found to have erred by failing to specifically ask the vocational expert whether his testimony was consistent with the descriptions of the physical and mental demands described in the DOT in regards to the jobs he described, and if so whether there was a reasonable explanation for the inconsistency, which is not "harmless error" because the medical evidence supports plaintiff's allegations that he has chronic fatigue secondary to having chronic residual chronic impairment, and dysfunction of his kidneys, heart, and lungs, and limited ability to walk secondary to having diabetic peripheral neuropathy of his lower extremities and vascular impairment of his leg, as well as limited ability to maintain concentration due to depression, are all inconsistent with the requirements to perform medium and light exertion requirements of the jobs described by the vocational expert [.]

*Id.* at 25. The argument appears to be premised on limitations whose severity the ALJ found not credible, i.e. fatigue, difficulty walking, and the depression related disabilities offered by Ms. Soltero. Thus, it must also be rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that ALJ's hypothetical to VE need only include "limitations that the ALJ found credible and supported by substantial evidence in the record.").

E. New Evidence

Plaintiff has submitted new evidence indicating that: (1) he underwent a right adrenalectomy for pheochromocytoma on October 31, 2017; and (2) scintigraphy results from

10

November 2017 indicate that he had possible metastases. ECF No. 13-1 at 26. He argues that these new records – generated well after the ALJ's decision- are nevertheless germane insofar as they possibly inform and corroborate the severity of conditions that were documented at the time the ALJ rendered his decision. The court disagrees.

"To be material . . . the new evidence must bear directly and substantially on the matter in dispute." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (internal quotation marks omitted). A plaintiff seeking to introduce new evidence "must demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* Additionally, the plaintiff must show that the new evidence "is material to and probative of his condition as it existed at the relevant time -- at or before the disability hearing." *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 511 (9th Cir. 1987).

Plaintiff has not offered any medical evidence or opinion supporting his contention that these new records bear on the severity of conditions he had at the time of the ALJ's decision. Rather, as the Commissioner contends, this new evidence appears to indicate either the worsening of an existing condition or a malady that is altogether new. It may be that these diagnoses support a new application for benefits under the Act, but that is not for this court to decide.

IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is GRANTED; and

3. The Clerk of Court is directed to enter judgment in the Commissioner's favor and close the case.

DATED: March 5, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11